**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO ALTER JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | Case No.  4:07-cr-014 |
| Daniel R. Belgarde, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is defendant Daniel R. Belgarde's "Motion to Waive Interest and Penalties" filed on January 30, 2008.  On August 29, 2007, Belgarde was convicted of engaging in the business of firearms without a license; selling of firearms to a person convicted of a misdemeanor crime of domestic violence; and distributing a controlled substance.  Belgarde was sentenced to thirty months of imprisonment and ordered to pay a $300 special assessment and $4,590 in restitution.

Belgarde states that he has entered into an "Inmate Financial Plan" as part of the Bureau of Prisons' Inmate Financial Responsibility Program.  The "Inmate Financial Plan" provides that Belgarde will pay $25 per quarter towards his assessment and restitution.  Belgarde requests that the Court waive the interest and penalties because he is participating in the Inmate Financial Responsibility Program.

There is no statutory authority for this Court to remit or waive interest or penalties at the request of a defendant after entry of judgment.  However, upon the filing of a petition by the Government showing that reasonable efforts to collect interest and penalties are not likely to be effective, the Court may remit all or part of the special assessment, interest and penalties; defer payment of the these penalties; or extend a date certain on an installment schedule previously ordered.  See 18 U.S.C. § 3573.

The Government contends that it does not have sufficient information to consider Belgarde's request under 18 U.S.C. § 3573 because Belgarde has not claimed that he is unable to pay the monetary penalties from other sources of income, or provided evidence of this fact. Belgarde has not completed a declaration of net worth and monthly cash flow statement and has not submitted a financial statement to the United States Attorney's Office. However, the Government states that no penalties have been assessed to date and has agreed not to assess penalties on Belgarde's criminal debt so long as he continues to participate in the Inmate Financial Responsibility Program. See Docket No. 29.

Belgarde also requests that the Court grant a waiver of interest on his outstanding balances. See 18 U.S.C. § 3612(f) (providing that all criminal monetary penalties more than $2,500 accrue interest, unless the penalty is paid in full within fifteen days of sentencing). The Government argues that it cannot make the requisite showing to waive the interest on Belgarde's debts and that the interests of justice demand the satisfaction of Belgarde's financial obligation.

The Court also has the power to modify a defendant's requirement to pay interest on a criminal debt. If the Court determines that the defendant does not have the ability to pay interest accrued on fines and restitution, the Court may waive the requirement for interest, limit the total interest payable to a specific dollar or limit the length of the period during which interest accrues. 18 U.S.C. 3612(f)(3). The Court finds that Belgarde has not provided sufficient evidence of his inability to pay to warrant a waiver of the interest accruing on his fines and restitutions. The Court further finds that the interests of justice demand satisfaction of Belgarde's financial obligation.

The Court **DENIES** the Defendant's motion to waive interest and **GRANTS** in part the Defendant's motion to waive penalties. The Court **ORDERS** that penalties shall not be assessed on Belgarde's criminal debt so long as he continues to participate in the Inmate Financial Responsibility Program and continues to make payments towards his debt.

**IT IS SO ORDERED**.

Dated this 31st day of January, 2008.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court