IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, ) | **MOTION TO ALTER OR** |
| ) | **AMEND JUDGMENT** |
| vs. ) | |
| ) | Case No. 4:07-cr-014 |
| Daniel R. Belgarde, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| ) | |
| Daniel R. Belgarde, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 4:08-cv-050 |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

_____

Before the Court is the Defendant's "Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ. 59(e)" filed on September 15, 2008. See Docket No. 56. The Government filed a response in opposition to the motion on September 29, 2008. See Docket No. 57. The Defendant filed a reply brief on October 6, 2008. See Docket No. 58.

On February 14, 2007, the defendant, Daniel R. Belgarde, was indicted on seventeen counts. See Docket No. 1. Count two of the indictment charged Belgarde with selling firearms to a person convicted of a misdemeanor crime of domestic violence. See Docket No. 1. On May 8, 2007, Belgarde signed a plea agreement in which he pled guilty to counts one, two, and six of the indictment. See Docket No. 15. On May 5, 2008, Belgarde filed a motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence. See Docket No. 32.

On July 17, 2008, Belgarde filed a "Motion for Discovery Pursuant to Rule Governing Section 2255, Rule 6." See Docket No. 43. Belgarde moved the Court to order the Government to turn over

evidence of the prior misdemeanor domestic violence conviction of a person named "Doc." "Doc" is the confidential informant to whom Belgarde sold firearms. The Government indicated that, in the interest of expediting the resolution of Belgarde's petition under 28 U.S.C. § 2255, it voluntarily provided the relevant information, discovery pages 138 and 139, to Belgarde on July 30, 2008. Because the Government provided Belgarde with the requested documents, the Court found as moot Belgarde's motion for discovery. See Docket No. 47.

On August 11, 2008, Belgarde filed a "Motion for Leave to File Interrogatories Pursuant to Rule Governing Section 2255, Rule 6(b)." See Docket No. 50. Belgarde contended that discovery pages 138 and 139 'was so disfigured and the caption was blacken out. All of this cast doubt if this is Doc's conviction." See Docket No. 50. Belgarde contended that "[w]ithout this document Belgarde could not be charged with 'SELLING OF FIREARMS TO PERSON CONVICTED OF MISDEMEANOR CRIME OF DOMESTIC VIOLENCE.'" See Docket No. 50 (emphasis in original). Belgarde moved the Court for permission to file interrogatories on the Government about "Doc's" conviction because the Government "would not produce a valid document." See Docket No. 50. The Court found that the Government had provided Belgarde with sufficient discovery documents that satisfied his request for information pertaining to "Doc's" misdemeanor domestic violence conviction and denied Belgarde's motion for leave to file interrogatories. See Docket No. 55.

Belgarde now moves the Court to alter or amend judgment, or in the alternative, to grant him permission to file interrogatories. The Government contends that Belgarde's motion should be denied because (1) it was not filed within ten (10) days of the date of the final criminal judgment; (2) a Rule 59(e) motion is premature in connection with the pending motion under 28 U.S.C. § 2255 because no judgment or final order has been entered against him in that matter; and (3) by pleading guilty, Belgarde waived his right to contest "Doc's" misdemeanor conviction, and it is not proper for Belgarde to attempt to supplement the record.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." A third amended criminal judgment was entered on September 7, 2007. See Docket No. 25. Belgarde's motion to alter or amend the judgment was filed on September 15, 2008, more than one year after the last amended judgment was entered. Therefore, Belgarde's motion is clearly untimely.

As the Government notes, Belgarde's motion to alter or amend judgment appears to be in response to the Court's denial of the motion for leave to file interrogatories. Rule 54(a) of the Federal Rules of Civil Procedure defines "judgment" as "any order from which an appeal lies." The Court's denial of the motion for leave to file interrogatories is not an appealable order. Further, any request for relief pertaining to Belgarde's motion under 28 U.S.C. § 2255 is premature as there has not been an appealable order in the matter.

In the order denying Belgarde's motion for leave to file interrogatories, the Court found that the Government had provided Belgarde with sufficient discovery documents that satisfy the request for information pertaining to "Doc's" domestic violence conviction. See Docket No. 55. The Court finds no reason to vary from its original ruling denying further discovery.

The Court **DENIES** the Defendant's motion to alter or amend judgment, and/or grant leave to file interrogatories (Docket No. 56).

**IT IS SO ORDERED.**

Dated this 6th day of October, 2008.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court