**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING DEFENDANT'S** |
| | ) | **PETITION FOR HABEAS CORPUS** |
| vs. | ) | **RELIEF UNDER 28 U.S.C. § 2255 AND** |
| | ) | **DENYING DEFENDANT'S MOTION** |
| | ) | **FOR AN EVIDENTIARY HEARING** |
| Daniel R. Belgarde, | ) | |
| | ) | |
| | ) | Case No. 4:07-cr-014 |
| Defendant. | ) | |
| | ) | |
| | ) | |
| Daniel R. Belgarde, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-cv-050 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed on May 5, 2008. See Docket No. 32. On May 9, 2008, after an initial review of the motion, the Court ordered the Government to file a response within sixty days. See Docket No. 37. On July 8, 2008, the Government filed a response requesting that the Court dismiss the Defendant's motion. See Docket No. 42. On August 18, 2008, Belgarde filed a reply brief. See Docket No. 52. For the reasons set forth below, the motion is dismissed.

**I.     BACKGROUND**

On February 14, 2007, the defendant, Daniel R. Belgarde, was charged in a seventeen-count indictment with engaging in the business of dealing in firearms without a license, selling firearms to persons convicted of the misdemeanor crime of domestic violence, and distribution of a controlled substance. See Docket No. 1. Belgarde made an initial appearance on February 21, 2007. On February 27, 2007, William D. Schmidt was appointed as defense counsel. See Docket No. 9. The parties filed a plea agreement on May 8, 2007. See Docket No. 15.

A change of plea hearing was held on May 14, 2007. See Docket No. 40. Belgarde pled guilty to three felonies: engaging in the business of dealing in firearms without a license (Count One), selling firearms to a person convicted of a misdemeanor crime of domestic violence (Count Two), and distribution of a controlled substance (Count Six). See Docket No. 40, pp. 29-30. The Court sentenced Belgarde to 30 months on each of the three counts, to run concurrent, and ordered Belgarde to pay restitution in the sum of $4,590.00, with $4,015.00 payable to the North Dakota Bureau of Criminal Investigation (BCI) and $575.00 payable to the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF). See Docket No. 25. The Court dismissed the remaining counts of the indictment. See Docket No. 25.

On May 5, 2008, Belgarde moved to vacate, set aside, or correct his sentence. See Docket No. 32. Belgarde contends that: (1) defense counsel was ineffective for filing a plea agreement in which Belgarde did not knowingly and voluntarily waive his appellate rights and his right to file for post-conviction relief; (2) defense counsel was ineffective for filing a plea agreement in which counsel was unaware that Belgarde's appellate rights and his right to file for post-conviction relief would be waived; (3) he is entitled to the expungement of the fourteen dismissed counts of the

indictment; (4) the Government is not entitled to receive restitution as a victim under the Victim Witness Protection Act; and (5) Count Two of the indictment is unlawful because the Court has failed to show that "Doc" had been convicted of a misdemeanor crime of domestic violence. Belgarde has moved for an evidentiary hearing on his motion. See Docket No. 35.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2255 authorizes a challenge by "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  "A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a 'fundamental defect' resulting in a 'complete miscarriage of justice.'" United States v. Gianakos, 2007 WL 3124686, at *4 (D.N.D. Oct. 23, 2007) (quoting Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962)).  Ineffective assistance of counsel claims are properly raised in a 28 U.S.C. § 2255 action.  See United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006).  To be eligible for habeas corpus relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984).

The defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687.  Counsel's performance is deficient when it falls below an objective standard of reasonableness.  Id. at 687-88; see also Marcrum v. Luebbers, 509 F.3d 489, 502 (8th Cir. 2007). To determine whether counsel satisfied the reasonableness standard, a court must "assess reasonableness on all the facts of the particular case," "view the facts as they existed at the time of

counsel's conduct" and not in hindsight, and "evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing" of the prosecution's case. See Marcrum, 509 F.3d at 502. Because of the inherent difficulties in evaluating counsel's conduct at the time of performance, there is a strong presumption that counsel's performance is reasonable and "might be considered sound trial strategy." Strickland, 466 U.S. at 689.

The defendant must then show that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. Prejudice is rarely presumed in ineffective assistance of counsel cases. Prejudice is presumed "when there has been a complete denial of counsel or a denial of counsel at a critical stage, when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' or when even competent counsel could not be expected to be of assistance given the circumstances." Malcom v. Houston, 518 F.3d 624, 627 (8th Cir. 2008). Belgarde has not alleged any conduct by defense counsel which would give rise to a presumption of prejudice. Therefore, to succeed on his ineffective assistance of counsel claims, Belgarde must show that counsel's performance prejudiced his defense. "A showing of prejudice requires a determination by the court that 'there is a reasonable probability [sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. White, 341 F.3d 673, 677 (8th Cir. 2003) (quoting Strickland, 466 U.S. at 694)). The standard set forth in Strickland requires that judicial scrutiny of counsel's performance be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

**III.    LEGAL DISCUSSION**

The threshold issue is whether defense counsel's performance was deficient and whether such deficiency prejudiced Belgarde's defense. Cumulative error by counsel will not justify habeas relief because each ineffective assistance of counsel claim must stand or fall on its own. See Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990).

**A.    WAIVER**

Belgarde contends that defense counsel was ineffective for filing a plea agreement which waived his appellate rights and his right to file for post-conviction relief under 28 U.S.C. § 2255. Belgarde contends that he did not knowingly and voluntarily waive those rights. "A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." Deroo v. United States, 223 F.3d 919, 924 (8th Cir. 2000).

The parties filed a plea agreement on May 8, 2007. See Docket No. 15. Belgarde's plea agreement contained a waiver of both his appellate rights and his right to file for Section 2255 relief:

> Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a). Defendant hereby waives this and any right to appeal the Court's entry of judgment against defendant, reserving only the right to appeal from an upward departure from the applicable Guideline range. See USSG § 1B1.1, comment. (n.1) (defines "departure"). Defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceedings, including one pursuant to Title 28, United States Code, Section 2255. Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996). Therefore, defendant understands that any appeal or other post-conviction relief that defendant might seek should be summarily dismissed by the Court in which it is filed.

<u>See</u> Docket No. 15, ¶ 22.

At the change of plea hearing, the Court questioned Belgarde about the waiver contained in the plea agreement.

> [The Court]: And what happens in a change of plea hearing like this and after you've signed a plea agreement is that you're giving up those rights that I told you about. You're giving up your right to a jury trial. You're giving up your right to appeal the conviction of these felony counts.
>
> You're giving up your right to appeal the sentence that I order you to serve as long as I sentence you within the guideline range that's found to apply to you, which means that you have no right to successfully try to challenge these convictions at some later date by claiming that you didn't understand the proceedings, that you didn't understand what the likely sentence would be in the case, that you didn't understand that this was going to be a felony conviction on your record, things of that sort. You're not going to be able to come back at a later date and claim that you're innocent, claim that you've done nothing wrong or claim that you didn't understand what transpired. Do you understand that?
>
> [The Defendant]: Yes, Your Honor, I do.
>
> [The Court]: Okay. Do you have any questions at all about what your Constitutional rights are and what you're giving up as a result of entering a plea?
>
> [The Defendant]: No, I don't.
>
> . . .
>
> [The Court]: Did you read through the entire plea agreement before you signed it?
>
> [The Defendant]: Yes, Your Honor.
>
> . . .
>
> [The Court]: The next provision in the plea agreement I want to ask you about is paragraph 22, and I want to make sure that you

>                          understand what that paragraph means for you. It contains
>                          some legal language that's – that you may not understand all
>                          of it completely, but in very simple terms, what paragraph 22
>                          means for you is that by signing this plea agreement, you're
>                          giving up your right to appeal the conviction and you're
>                          giving up your right to appeal the sentence in this case.
>                          That's basically what it means. Do you understand that?

[The Defendant]:     Yes, Your Honor.

See Docket No. 40, pp. 17-20.

At the change of plea hearing the Court found that Belgarde was capable and competent of entering a guilty plea to each of the three counts. See Docket No. 40, p. 30. The Court found that Belgarde knowingly and voluntarily did so with the assistance of counsel, and that there was a factual basis to support each of the pleas to the counts. See Docket No. 40, p. 30. As a result, the Court finds that Belgarde has failed to establish that defense counsel was ineffective for filing a plea agreement which waived Belgarde's appellate rights and his right to file for Section 2255 post-conviction relief. Accordingly, Belgarde is not entitled to habeas relief on this claim.

### B.     DEFENSE COUNSEL'S AWARENESS OF THE WAIVER

Belgarde contends that sometime before sentencing (but after the change of plea hearing) he informed defense counsel that he was concerned about the $4,700-$4,800 restitution amount listed in the plea agreement. In response, defense counsel sent Belgarde a letter, dated September 21, 2007, in which counsel explained the step-by-step process for completing a Section 2255 petition and attached the appropriate forms for filing the petition. See Docket No. 33-2. The date of the letter reveals that it was dated nearly one month after sentencing. Belgarde contends that defense counsel was ineffective for failing to state in the letter that Belgarde had already waived his Section

7

2255 rights by pleading guilty to Counts One, Two, and Six at the May 14, 2007, change of plea hearing.

Even if defense counsel was deficient, Belgarde has not shown how this deficiency prejudiced him. When Belgarde expressed concerns about restitution, he had already knowingly and voluntarily pled guilty to Counts One, Two, and Six, and was aware that he could be liable for restitution in the amount of $4,700 to $4,800. At sentencing, Belgarde did not object to the $4,590.00 restitution amount recommended by the Government, and later ordered by the Court. See Docket No. 41. Nor is there evidence to suggest that Belgarde asked defense counsel to object to the restitution amount, and that counsel failed to do so.

Belgarde cannot now contest the amount of restitution <u>after</u> voluntarily and knowingly entering a plea agreement where $4,700-$4,800 in restitution was contemplated, and after failing to object to the amount at the change of plea hearing and at sentencing. The Court finds that defense counsel was not ineffective for failing to inform Belgarde in the letter, which was dated nearly one month after sentencing, that Belgarde had already waived his Section 2255 rights and that he would not be able to contest the restitution amount in a Section 2255 petition. Accordingly, Belgarde is not entitled to habeas relief on this claim.

### C. **<u>EXPUNGEMENT OF THE DISMISSED COUNTS</u>**

At the change of plea hearing, the Government informed the Court that if Belgarde pled guilty to Counts One, Two, and Six, it would ultimately dismiss the remaining fourteen counts of the indictment. See Docket No. 40, pp. 3-4. After Belgarde had been sentenced on Counts One, Two, and Six, the Government moved to dismiss Counts Three through Five and Counts Seven

through Seventeen. See Docket No. 21. The Court dismissed the remaining counts of the indictment. See Docket No. 25.

Belgarde now moves to expunge the dismissed counts. Belgarde does not allege that defense counsel was ineffective for failing to seek expungement, nor does he allege any deficiency on behalf of counsel with respect to this claim.

28 U.S.C. § 2255(a) provides relief to:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to <u>vacate, set aside or correct the sentence</u>.

(emphasis added).

A defendant moving to expunge his conviction does not seek to vacate or set aside the conviction. See United States v. Rowlands, 451 F.3d 173, 176 (3d Cir. 2006). Rather, the defendant seeks "[t]he judicial editing of history." Id. "[I]n general when a defendant moves to expunge records, [he] asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." United States v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004). Therefore, expungement does not affect the legality of the previous conviction, nor does it denote that the defendant was innocent of the crime to which he pled guilty. See Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 115 (1983). Accordingly, the Court finds that Section 2255 does not provide relief for the expungement of dismissed charges.

#### D.     **RELIEF FROM RESTITUTION**

The Court ordered Belgarde to pay restitution in the sum of $4,590.00, with $4,015.00 payable to the BCI for money spent on drug and gun purchases, and $575.00 payable to the ATF for firearms and prescription drug purchases. See Docket Nos. 25 and 41, pp. 7, 39. Belgarde contends that the Victim and Witness Protection Act precludes the Government from obtaining restitution in the form of "buy money," and moves to amend the judgment to exclude restitution. Belgarde does not argue that defense counsel was ineffective for failing to object to the amount or purpose of the restitution.

A Section 2255 petition is not the correct forum for contesting restitution. See United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003). In Bernard, the Eighth Circuit Court of Appeals considered whether Section 2255 affords relief to a prisoner challenging the restitution portion of his sentence. Id. The Eighth Circuit stated,

> We believe the plain and unambiguous language of the statute - "[a] prisoner in custody . . . claiming the right to be released" - precludes a restitution challenge. We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody.

Id. Applying Bernard, the Court finds that Section 2255 does not provide relief from restitution.

#### E.     **LAWFULNESS OF COUNT TWO**

Count Two of the indictment charged Belgarde with selling firearms to a person convicted of the misdemeanor crime of domestic violence. See Docket No. 1. On December 1, 2005, Belgarde sold fireams to "Doc," a person who informed Belgarde prior to purchasing the firearms that he had been convicted of a misdemeanor crime of domestic violence and was prohibited from

10

owning a firearm. See Docket No. 40, pp. 23-25. During discovery, the Government provided Belgarde a redacted copy of "Doc's" traffic/criminal court record, which included the date and disposition of the domestic violence conviction. See Docket No. 52-3.

Belgarde contends that "Doc's" traffic/criminal record does not establish that "Doc" had been convicted of a domestic violence crime. Belgarde argues that "[i]f the court cannot show a conviction of 'Doc' count two of the Indictment must be dismissed." See Docket No. 33, p. 8.

Belgarde misunderstands who bears the burden of proof in a criminal action. The Government at a trial bears the burden of proving each and every element of a crime beyond a reasonable doubt. However, by pleading guilty to Counts One, Two, and Six, Belgarde waived his right to the Government establishing proof.

At the change of plea hearing, the Court questioned Belgarde as to the factual basis for Count Two:

> [The Court]: Tell me what – how [Count 2] all originated, what your involvement was and what you knew about Doc and his background.
>
> . . .
>
> [The Defendant]: And I did not know that Doc – you know, like I said, Doc told me at one point he had a conviction of a domestic abuse, and where I'm from, where I grew up and on the Turtle Mountain Indian Reservation, those people are allowed to own guns with domestic abuse, police officers, so at one point I told – I didn't know it was wrong because I didn't know the state law. I grew up on the reservation, so I didn't think it was wrong to sell him these guns, Your Honor. I really didn't, but he did tell me he had a domestic abuse charge on him, and if I would have known it was against the law, I wouldn't have sold him these guns.
>
> [The Court]: But in Count 2 it also states as a fact, that you had acknowledged to be accurate, that Doc had advised you prior

11

|  |  |
|---|---|
|  | to the purchase of the firearms on December 1, 2005, that he could not buy firearms because he had been convicted of this domestic violence. Was that said to you? |
| [The Defendant]: | No, he just said, "I was – I was convicted of a domestic abuse and I'm prohibited from owning a firearm," his exact words to me. |

See Docket No. 40, p. 24. Notably, Belgarde did not contest the validity of the traffic/criminal court record of "Doc" at the change of plea hearing. See Docket No. 40. Belgarde pled guilty to Count Two, and the Court found a factual basis to support Belgarde's guilty plea. See Docket No. 40, p. 30. By pleading guilty to Count Two, Belgarde admitted that he knew or had reasonable cause to believe that "Doc" had been convicted of a misdemeanor crime of domestic violence. Accordingly, the Court finds that Belgarde's argument on this claim is meritless.

### F.     EVIDENTIARY HEARING

Belgarde has moved the Court to grant an evidentiary hearing on his Section 2255 petition. 28 U.S.C. § 2255(b) provides, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Court has determined that Belgarde is not entitled to habeas relief on any of the claims asserted in the petition. The record conclusively demonstrates that Belgarde is not entitled to any relief. As a result, the request for an evidentiary hearing is denied.

**IV.      CONCLUSION**

Based on the foregoing reasons, the motion (Docket No. 32) is **DISMISSED**.  The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45.  Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[1]

If Belgarde desires further review of his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 10th day of October, 2008.

>                          */s/  Daniel L. Hovland*
>                          Daniel L. Hovland, Chief Judge
>                          United States District Court

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).